IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| DAPHNE LUGO AND GILA HOLLAND, | ) Civil Action No. 3:10-1809-MBS-JRM |
| Plaintiffs, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| OTIS SPUNKMEYER, INC., | ) |
| Defendant. | ) |

Plaintiffs, Daphne Lugo ("Lugo") and Gila Holland ("Holland"), filed this action on July 12, 2010. They allege claims for sex discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").[1] On April 14, 2011, Plaintiffs filed an Amended Complaint ("AC"), in which Holland only added claims pursuant to the the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 et seq. ("SCPWA"). Defendant, Otis Spunkmeyer, Inc., filed a motion to dismiss Holland's claims on May 3, 2010. Holland filed a response in opposition on May 20, 2010. Defendant filed a reply on May 31, 2011, and Holland filed a sur-reply on June 3, 2011.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## **STANDARD FOR MOTION TO DISMISS**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, ___,129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## **FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF HOLLAND**[2]

1. Plaintiff Holland was hired by Defendant as a quality assurance employee at Defendant's Cayce, South Carolina plant in July 2004. She was promoted to a quality assurance supervisor position in January 2006. AC, ¶¶ 36-38.

2. In her "new position," Defendant "directed Holland to carry a company phone and be on call 24/7, and work Saturdays when the line was running." AC, ¶ 49.

---

[2] These facts are taken from the amended complaint and concern only Holland and her claims under the FLSA, EPA, and SCPWA.

3. Defendant did not compensate Holland "fairly and equally" for her additional responsibilities, overtime worked, on-call time, and/or shift differential. AC, ¶ 50.

4. Defendant classified Holland's employment as exempt under the FLSA from July 2005 to April 2008, and from June through August 2008. AC, ¶ 51.

5. Holland was eligible for production/profit bonuses Defendant distributed for the 2006, 2007, 2008, 2009, and 2010 fiscal years (the first of which would have been in Spring 2007). She never received these bonuses which other male production supervisors and managers for Defendant received. AC, ¶¶ 52-53.

6. She complained about Defendant's discriminatory compensation structure in writing multiple times including, but not limited to, September 26, 2008 and May 29, 2009. AC, ¶ 56.

7. On July 30, 2009, Defendant involuntarily transferred Holland from the first shift to a split shift between second and third shifts (5 p.m. to 2 a.m daily). AC, ¶ 47.

8. On May 28, 2010, Holland was asked to work extra hours. She worked thirty minutes extra. See AC, ¶ 64.

## DISCUSSION

Defendant argues that counts four through six of Plaintiffs' Amended Complaint (Holland's the FLSA, EPA, and SCPWA claims) should be dismissed because the new counts contain only naked assertions of the causes of action and are devoid of any factual support. Additionally, Defendant argues that at least portions of the new claims are time barred. Holland argues that she has alleged sufficient facts to state plausible claims and argues that three-year, rather than two-year statutes of limitations apply.

A.      FLSA

Holland alleges that Defendant is an employer within the meaning of the FLSA, and Defendant violated her rights under the FLSA knowingly, willfully, and/or in bad faith. See AC, ¶¶ 98-102. Defendant argues that Holland's FLSA claim should be dismissed because it is nothing more than a "threadbare recital." Additionally, Defendant argues that all of Holland's FLSA claims are time barred because the FLSA has a two-year statute of limitations (29 U.S.C. § 255), Holland alleges she was classified as an "exempt" employee from July 2005 to April 2008 and from June 2008 through August 2008, and the Amended Complaint was not filed until April 21, 2011.[3] Defendant argues that Holland fails to show that the three-year statute of limitations for FLSA claims of a "willful violation" (29 U.S.C. § 255) applies here because Holland has not alleged any facts suggesting that Defendant's alleged violation was willful. Holland argues that she has alleged sufficient facts to state a claim under the FLSA and that she has alleged a willful violation such that the three-year, rather than two- year, statute of limitations should apply.

To assert a claim for overtime compensation pursuant to the FLSA, "a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." Hawkins v. Proctor Auto Serv. Ctr., No. RWT–09–1908, 2010 WL 1346416 at *1 (D.Md. Mar. 30, 2010)(citing Davis v. Food Lion, 792 F.2d 1274, 1276 (4th Cir.1986); see also 29 U.S.C. § 207(a)(1)("Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is

---

[3]Defendant has used the date the amended complaint was filed (April 19, 2011) as the date for purposes of filing for the applicable statute of limitations. Holland has not disputed this or made any argument that her FLSA, EPA, and/or SCPWA claims relate back to the date of the original complaint (July 20, 2010).

engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.")

In the light most favorable to Holland for purposes of the motion to dismiss, she has alleged sufficient facts to state a plausible claim under the FLSA. Holland asserts that she was promoted to Quality Assurance Supervisor, but she worked in a production position as a supervisor; that Defendant is an employer within the meaning of the FLSA; and Defendant violated her rights under the FLSA. She alleges she was misclassified from July 2005 to April 2008, and June through August 2008. AC, ¶ 51. Holland claims that this violation is the failure to pay her for overtime worked, on-call time, and/or shift differential. AC, ¶ 50. She also alleges that she was required to "work Saturdays" and "to be on call 24/7." AC, ¶ 49.

Additionally, Holland has sufficiently pled a willful violation. The limitations period is extended to three years only if the plaintiff can show that the violation was "willful," i.e., that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." See Perez v. Mountaire Farms, Inc., 650 F.3d 350, 375 (4th Cir. 2011)(quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). Holland alleges that Defendant violated her rights under the FLSA knowingly, willfully, and/or in bad faith. AC, ¶ 101. She claims that Defendant directed her to carry a company phone so she could "be on call." AC, ¶ 49.

Pursuant to the three-year statute of limitations, Defendant's motion to dismiss Holland's FLSA claims should be granted, in part, as to the alleged misclassification between July 2005 and

April 2008. Defendant's motion to dismiss Holland's FLSA claims should be denied as to the alleged misclassification from April 19, 2008 through August 2008.

B. EPA

Holland alleges that Defendant is an employer within the meaning of the EPA; while employed in several positions with Defendant, she received less compensation than that paid to male employees who held jobs that required equal skill, effort, and responsibility, and which were performed under similar working conditions; Defendant knew of the disparity on the basis of gender; and Defendant failed to prevent or rectify the same. See AC, ¶¶ 103-110. Defendant argues that Holland fails to allege sufficient facts as to her EPA claim. Additionally, Defendant argues that the claim is time-barred because a two year statute of limitations applies such that any EPA claim related to positions held or pay in 2005, 2006, 2007, and 2008 are time-barred. Holland claims she has pled sufficient facts to state a plausible claim for relief and her claims are subject to a three-year statute of limitations as she has alleged a willful violation.

To establish a prima facie case under the EPA, a plaintiff must prove: "(1) that her employer has paid different wages to employees of opposite sexes; (2) that said employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions." Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir.1999) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 189 (1974)); see also Reece v. Martin Marietta Techs., Inc., 914 F.Supp. 1236, 1240 (D.Md. 1995). The period for initiating a civil action under the EPA is two years after the cause of action accrues. This period is extended to three years for a cause of action arising out of a "willful violation." See 29 U.S.C. § 255(a). To prove willfulness, and be entitled to a three-year statute of limitations, a plaintiff must demonstrate that her employer either

knew or showed reckless disregard for the matter of whether its conduct was prohibited by the EPA. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

In the light most favorable to Holland, she has stated a plausible claim under the EPA. She alleges that when she was promoted to Quality Assurance Supervisor (which was a production position), similarly-situated male production supervisors received bonuses, and she did not receive these bonuses that were paid yearly from 2007 through 2010. AC, ¶¶ 37-38, 52-53.

Holland also has alleged sufficient facts to state a plausible claim that the alleged EPA violations were willful. She claims that Defendant "knew of the compensation disparity on the basis of gender and failed to prevent the same." AC, ¶ 107. Holland alleges she informed Defendant of the alleged "discriminatory compensation structure in writing multiple times, including but not limited to September 26, 2008 and May 29, 2009." AC, ¶ 56.

Thus, it is recommended that Defendant's motion to dismiss be granted, in part, as to Holland's claims that arose prior to April 21, 2008, and that the motion be denied, in part, as to Holland's claims that arose after April 21, 2008.

    C.    SCPWA

Holland alleges that Defendant is an employer within the SCPWA, monies which Defendant failed to pay her are wages as defined under the SCPWA, Defendant refused to pay her compensation earned and due, she repeatedly put Defendant on notice of owed payments, she provided an opportunity for payment, and there was no bonafide dispute over the amount of wages due. AC, ¶¶ 112-117. Defendant contends that Holland has failed to allege sufficient facts to state a claim under the SCPWA as she fails to allege what wages she is owed. Defendant argues that any claims that it failed to pay Holland bonuses are, at least in part, time-barred because SCPWA claims

are subject to a three-year statute of limitations. Holland argues that she has alleged a plausible claim under the SCPWA because she has asserted every required element of a SCPWA cause of action and the factual allegations in her amended complaint meet the specificity required under Twombly.

The SCPWA provides:

> When an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days.

S.C. Code Ann. § 41-10-50. Any civil action for the recovery of wages must be commenced within three years after the wages become due. S.C. Code Ann. § 41-10-80(C).

In the light most favorable to Holland, she has alleged a plausible claim under the SCPWA. She alleges the elements of a claim under the SCPWA as discussed above. Holland claims that Defendant refused to pay her compensation that she is due, consisting of overtime and bonus payment, and she repeatedly informed Defendant of the fact that she had not received such compensation. AC, ¶¶ 50, 53, 56, 114, and 115. As these claims must be brought within three years after the wages became due, it is recommended that Defendant's motion to dismiss be granted, in part, as to any of Holland's claims under the SCPWA that became due prior to April 19, 2008.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 27) be granted in part, as to Plaintiff Holland's FLSA and EPA claims arising before April 19, 2008, and as to any SCPWA claims that became due prior to April 19, 2008. It is also recommended that

Defendant's motion to dismiss be denied, in part, as to Holland's FLSA and EPA claims arising after April 19, 2008, and as to any SCPWA claims that became due after April 19, 2008.

                                        Joseph R. McCrorey
                                        United States Magistrate Judge

February 29, 2012
Columbia, South Carolina