IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daphne Lugo and Gila Holland, | ) |
|                 Plaintiff, | ) C/A No. 3:10-1809-MBS-JRM |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Otis Spunkmeyer, Inc., | ) |
|                 Defendant. | ) |

Plaintiffs Daphne Lugo and Gila Holland filed a complaint on July 12, 2010 against their employer, Defendant Otis Spunkmeyer, Inc., alleging claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, ad amended, 42 U.S.C. §§ 20003 et seq. (First and Second Causes of Action). Plaintiff also asserted a state law claim for breach of employment contract (Third Cause of Action). Plaintiffs amended the complaint on April 19, 2011. In the amended complaint, Plaintiff Holland added claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. (Fourth Cause of Action); the Equal Pay Act (EPA), 29 U.S.C. § 206(d) (Fifth Cause of Action; and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. §§ 41-10-10 et seq. (Sixth Cause of Action). In accordance with Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation.

This matter is before the court on motion to dismiss the Fourth, Fifth, and Sixth Causes of Action filed by Defendant on May 3, 2011. Defendant contends that the FLSA cause of action contains nothing more than a "threadbare recital," see Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Defendant also asserts that the claim is time barred under the applicable two-year statute of limitations period, see 29 U.S.C. § 255, and thus the amended complaint should be partially

dismissed as to those allegations of alleged misconduct more than two years before filing of the amended complaint.

Defendant further contends that the EPA cause of action simply recites the legal elements of a prima facie case, and that any EPA claim relating to positions held by Plaintiff Holland in 2005, 2006, 2007, and 2008 were time-barred under the applicable two-year limitations period. See 29 U.S.C. § 255(a). Defendant also argued that Plaintiff Holland's SCPWA cause of action fails under Iqbal, and is time-barred in part pursuant to the three-year statute of limitations set forth in S.C. Code Ann. § 41-10-80. Thus, according to Defendant, Plaintiff Holland's claims appertaining to 2006, 2007, and through April 19, 2008 should be partially dismissed.

Plaintiff Holland filed a response in opposition to Defendant's motion on May 20, 2011, to which Defendant filed a reply on May 31, 2011. Plaintiff Holland filed a surreply on June 3, 2011. Among other things, Plaintiff Holland argues that a three-year statute of limitation on FLSA and EPA claims applies because Defendant's alleged violation was willful. See 29 U.S.C. § 255.

On February 29, 2012, the Magistrate Judge issued a Report and Recommendation in which he determined that (1) Plaintiff Holland stated plausible claims under the FLSA, EPA, and SCPWA, and (2) Plaintiff Holland made out a plausible claim that the FLSA and EPA violations were willful. Thus, the Magistrate Judge recommended that Defendant's motion to dismiss be granted, in part, as to those claims that arose prior to April 21, 2008, and that Defendant's motion to dismiss be denied in all other respects. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or

2

in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss is granted in part as to Plaintiff's Holland's FLSA and EPA claims arising before April 19, 2008, and as to any SCPWA claims that became due prior to April 19, 2008. Defendant's motion to dismiss is denied as to Plaintiff Holland's FLSA and EPA claims arising after April 19, 2008, and as to any SCPWA claims that became due after April 19, 2008. The matter is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

March 20, 2011